UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA PETER, MICHAEL PETER, JULIKA PETER, and JAROLIN BERGER, | Case No. 1:22-cv-00017-BLW |
| | **INITIAL SCREENING ORDER** |
| Plaintiffs, | |
| v. | |
| SUSAN DIANE WOJCICKI, WILLIAM HENRY GATES, STEPHANE BANCEL, and ALBERT BOURLA, | |
| Defendants. | |

**INTRODUCTION**

Pending before the Court is Plaintiff Maria Peter's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) and Plaintiff Julika Berger's Application for Leave to Proceed in Forma Pauperis (Dkt. 4). Pursuant to 28 U.S.C. § 1915, the Court must review Plaintiff's request to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise*

*City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Because she is filing to proceed in forma pauperis, 28 U.S.C. §1915(e)(2)(B), empowers the Court to "dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted." Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

## REVIEW OF COMPLAINT

The Court is permitted to conduct an initial review of complaints filed in forma pauperis to determine whether summary dismissal is appropriate. If it chooses to engage in such a review, the statute requires the Court to dismiss any portion of the complaint if it states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief can be granted, plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

## 1.    Factual Background

Plaintiffs Michael and Maria Peter are residents of Austria, and Plaintiffs Julika and Jarolin Berger are residents of Germany. *Compl.*, Dkt. 2 at p. 1. They name as Defendants Susan Diane Wojcicki, CEO of YouTube; William Henry

Gates, Co-Chair and Trustee of the Bill and Melinda Gates Foundation; Stephane

Bancel, CEO of Moderna Therapeutics; and Albert Bourla, CEO of Pfizer. *Id.* at p.

2. They have filed nearly identical Complaint in multiple jurisdictions, including at

a minimum the District of Wyoming (21cv00205), the Eastern District of

Pennsylvania (2:21cv04994), the District of Hawaii (1:2021cv00449), the District

of New Hampshire (1:2021fp00868), the District of Nevada (2:2021cv02026), the

District of South Dakota (3:2021cv03023), and the District of Rhode Island (21-

00451-WES).

The Complaint appears to allege that Defendants were negligent, but lacks

facts articulating what each of the Defendants allegedly did. At best, the Complaint

alleges that, on March 13, 2020, in New York, New York and Cambridge,

Massachusetts, on April 12, 2020, in San Bruno, California and Seattle,

Washington, Defendants "failed to keep the risk of synthetic bioweapon-attacks at

the 10%-low, but rose it to a 70%-high." *Compl.*, Dkt. 2 at 4. Plaintiffs state

Defendants "said in mass media: Here is "the greatest downfall the world faces"

because "a new vaccine" has to "get out to seven billion people," affording "18

months lockdown," as this "is a pandemic, a deadly (killer) virus." *Id.*

Apparently, Plaintiffs believe that Defendants caused various governments

around the world to believe that there was a deadly virus spreading, presumably a

reference to COVID-19. *See id*. Then, the Complaint alleges that Defendants "let

damage – knowhow fall - uncensored - into wrong hands, because on 30/12/2020

NATO/Brussels did announce nuclear (!) retaliatory strikes against aggressive

states/terrorists using synthetic bioweapons." *Id.* Plaintiffs claim to have suffered

"anxiety disease Akva-A." *Id.*

## 2.      Legal Standard

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules

of Civil Procedure if the factual assertions in the complaint, taken as true, are

insufficient for the reviewing court plausibly "to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does

not require detailed factual allegations, . . . it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks

omitted). If the facts pleaded are "merely consistent with a defendant's liability,"

the complaint has not stated a claim for relief that is plausible on its face. *Id.*

(internal quotation marks omitted).

During this initial review, courts generally construe pro se pleadings

liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*,

213 F.3d 443, 447 (9th Cir. 2000). Additionally, if amending the complaint would

remedy the deficiencies, plaintiffs should be notified and provided an opportunity

to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). On the other

hand, section 1915(e)(2)(B)(i) "gives the courts the unusual power to pierce the

veil of the complaint's factual allegations and dismiss those claims whose factual

contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)

(internal quotation marks and citation omitted). *Id.* "Examples of the latter class"

include "claims describing fantastic or delusional scenarios, claims with which

federal district judges are all too familiar." *Id.*

**3.     Discussion**

The factual assertions in Plaintiffs' Complaint fail to assert any viable claim.

Although the Court must review the evidence and draw all reasonable inferences in

Plaintiffs' favor when screening a case, the Court need not accept factual

contentions that are irrational, delusional, or wholly incredible. *Denton*, 504 U.S. at

32. Here, as noted by other courts that have considered Plaintiffs' claims,

"Plaintiffs' Complaint presents an unsupported, irrational tale incapable of

deciphering." *Peter v. Wojcicki*, No. 21-00451-WES, 2021 WL 5998528, at *2

(D.R.I. Dec. 20, 2021); *see also Peter v. Wojcicki*, No. CV 21-00449 SOM/KJM,

2021 WL 5808621, at *2 (D. Haw. Dec. 7, 2021) (citing *Denton*, 504 U.S. at 32)

("In fact, their reference to "nuclear (!) retaliatory strikes against aggressive

states/terrorists using synthetic bioweapons" gives the appearance that their

Complaint is grounded in assertions for which no factual bases are evident."). In

addition, as also noted by other courts, Plaintiffs allege no facts establishing that

this Court may exercise personal jurisdiction over these Defendants, or that the

District of Idaho is a proper venue given that Plaintiffs assert no allegations that a

defendant resides here or that any of the events or omissions given rise to the claim

occurred in the District of Idaho. *See Peter v. Wojcicki*, 2021 WL 5998528, at \*2;

*Peter v. Wojcicki*, No. 1:22-CV-00051-KWR-LF, 2022 WL 228204, at \*1 (D.N.M.

Jan. 26, 2022) ("The Court concludes that the District of New Mexico is not a

proper venue for this case because there are no allegations that a defendant resides

in the District of New Mexico or that any of the events or omissions giving rise to

the claim occurred in the District of New Mexico.").

     As the Court finds Plaintiffs' claim is frivolous, it will not allow Plaintiffs

leave to amend. *See Denton*, 504 U.S. at 32. At least one court afforded Plaintiffs

the opportunity to amend their Complaint, and they simply re-submitted an almost

identical version of their original – completely meritless – complaint. *Peter*, 2021

WL 6113436, at \*3 ("Plaintiffs' Amended Complaint ignored this guidance and

was instead almost identical to the original Complaint. Accordingly, for the

reasons set forth in the order dismissing the original Complaint, the court dismisses

the Amended Complaint."). Plaintiffs also submitted a nearly identical complaint

in multiple courts, and these courts have summarily dismissed Plaintiffs'

complaints as stating no viable claim for relief. Yet, Plaintiffs persist in their abuse

of the judicial system. Given these circumstances, the Court finds Plaintiffs'

frivolous factual allegations cannot be remedied through a more specific pleading

and will not grant Plaintiffs leave to amend.

## ORDER

### IT IS ORDERED that:

1. Plaintiffs' Complaint is DISMISSED WITH PREJUDICE.

2. Plaintiff Maria Peter's Application for Leave to Proceed in Forma

Pauperis (Dkt. 1) and Plaintiff Julika Berger's Application for Leave to Proceed in

Forma Pauperis (Dkt. 4) are DENIED as MOOT.

DATED: March 3, 2022

B. Lynn Winmill
U.S. District Court Judge